UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS SILVA,<br><br>                     Petitioner,<br><br>           v.<br><br>WILLIAMSON, et al.,<br><br>                     Respondents. | No. 2:14-cv-02148-AC-P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.   Petitioner's Habeas Application

In the case caption of his habeas corpus application, petitioner names Dr. Williamson and Dr. Paroit as respondents in this matter even though they are identified as medical doctors and not the warden of the prison in which petitioner is confined. ECF No. 1 at 1. When asked to identify what this habeas petition concerns, petitioner states that his medication for back pain is not strong enough. Id. at 2. As grounds for relief petitioner asserts that Dr. Williamson refused to raise the dosage of his pain medication and his psychiatrist wants to stop petitioner's Ativan medication. Id. at 3-4.

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts requires the summary dismissal of habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, 28 U.S.C. foll. § 2254. The undersigned has concluded that summary dismissal of the petition is required because petitioner has failed to raise any claim cognizable in a habeas corpus action. As a result of the above deficiencies in the petition, the undersigned recommends summarily dismissing the instant habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In light of this recommendation, the court will not assess a filing fee in the instant case.

II.   <u>2254 Versus 1983 Relief</u>

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983. While the two remedies are not necessarily mutually exclusive, <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004), challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)). A civil rights action pursuant to 42 U.S.C. §1983 is the appropriate legal vehicle for challenging the conditions of confinement, such as the instant case which do not affect the duration of petitioner's confinement.

The court has discretion to construe petitioner's claims as a complaint under 42 U.S.C. § 1983. See <u>Willwording v. Swenson</u>, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), <u>superseded by statute on other grounds as recognized in</u> Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so. See 28 U.S.C. §§ 1915 & 1915A; 42

1  U.S.C. § 1997e; <u>Bunn v. Conley</u>, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should

2  not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of

3  different kinds for prisoners using the wrong vehicle").  Therefore, it is recommended that

4  petitioner's claims be summarily dismissed without prejudice instead of converting the claims into

5  a 42 U.S.C. § 1983 action.  This recommendation will permit petitioner to file a separate civil

6  rights action raising the claim herein should he choose to do so, without that choice being usurped

7  from him by the court.

8        In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court

9  randomly assign this case to a District Court judge.

10        IT IS FURTHER RECOMMENDED that:

11        1.  The instant habeas corpus petition be summarily dismissed without prejudice to

12  petitioner's pursuit of a separate civil rights action.

13        2.  The Clerk of the Court be directed to send petitioner the court's form-complaint for

14  prisoners challenging conditions of confinement under 42 U.S.C. § 1983 and an application to

15  proceed in forma pauperis.

16        These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

21  he shall also address whether a certificate of appealability should issue and, if so, why and as to

22  which issues.  Where, as here, the petition was dismissed on procedural grounds, a certificate of

23  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

24  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

25  reason would find it debatable whether the petition states a valid claim of the denial of a

26  constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v.</u>

27  <u>McDaniel</u>, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

28  within fourteen days after service of the objections.  The parties are advised that failure to file

1 objections within the specified time may waive the right to appeal the District Court's order.

2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: September 23, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE